UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Byron C. Dale and
Gregory K. Soderberg,

Civil No. 00-976 ADM/AJB

Plaintiff,

v.

**Report and Recommendation**

Federal Reserve Bank of Minneapolis,

Defendant.

---

THIS MATTER, defendant's motion for stay of discovery and for dismissal pursuant to Federal Rule 12(b)(6), is before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. 636(b) and Local Rule 72.1(f). Plaintiffs are pro se. Defendant is represented by Kristina Stierholz, Esq.

Based upon the file and documents contained therein, along with memorandums, the Court makes the following:

**REPORT**

Plaintiffs contend they are holders in due course of promissory notes, payable on demand, and issued by the Federal Reserve Bank of Minneapolis. The notes in question are a $20.00 bill and a $500.00 bill. Plaintiffs sent the bills to the Federal Reserve bank and demanded payment on the notes. The Federal Reserve returned the bills with an explanation that the notes are legal tender and their value lies in the goods and services they will buy. Plaintiffs do not seek to collect precious metals but apparently wish to make some sort of protest about the United States

FILED MAY 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

monetary system and federal deficit.[1] Plaintiff's allegation is that the Federal Reserve has failed to make good on payment of the promissory notes, the twenty and five hundred dollar bills.

Plaintiff initially filed this action in Hennepin County Conciliation Court and appealed the judgment to the Minnesota Court of Appeals. Defendant removed this action to federal court. Plaintiff challenges this Court's jurisdiction.

12 U.S.C. § 632 provides,

> ...all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

The Federal Reserve bank in Minneapolis is a party to this action. The Court thus finds it has proper jurisdiction over this matter.

Defendant United States brings this motion to dismiss pursuant to Rule 12(b)(6), failure to state a claim for which relief can be granted. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the

---

[1] Plaintiff Byron Dale has been involved in other litigation involving his protest of the United States monetary system. *See* Dale v. Pelton, 365 N.W.2d 1 (S.D. 1985); Northwest South Dakota Production Credit Ass'n v. Dale, 361 N.W.2d 275 (S.D. 1985); North Dakota ex. rel Gary D. Preszler, Commissioner, Department of Banking and Financial Institutions v. Common Title Bond and Trust, 435 N.W.2d 693 (N.D. 1989).

complaint are true and accord reasonable inferences in favor of the non-moving party, Holloway, 792 F.2d at 762. Pro se pleadings will be held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Even under the most liberal standard, plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs allege the Federal Reserve Bank, upon presentation of a $20 and $500 note, failed to make good on the note. Plaintiffs do not deny that the bank returned their money but instead claim they are entitled to some other form of payment. Although it is unclear exactly what plaintiffs want, it appears they do not believe United States currency is any good until the national deficit has been paid.

United States coins and currency are legal tender. 31 U.S.C. § 5103. When plaintiffs seek to redeem Federal Reserve notes at a Federal Reserve bank they may properly receive Federal Reserve notes of the same dollar amount in payment. Plaintiffs have failed to state a claim upon which relief may be granted and the Court recommends dismissal of this action.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT:**

**1.** This Court has jurisdiction pursuant to 12 U.S.C. § 632.

**2.** Defendant's motion to dismiss be granted [Docket No. 3].

**3.** Request for sanctions be denied.

**4.** Judgment be entered in favor of defendant.

Dated: 5/18/00

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 2, 2000.