**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Byron C. Dale and
Gregory K. Soderberg,

Plaintiffs,

v.

Federal Reserve Bank of Minneapolis,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-976 ADM/AJB

---

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Objections to the May 18, 2000 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan. In a well-reasoned R&R, Judge Boylan recommends that Defendant's motion to dismiss be granted and that Defendant's request for sanctions be denied. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiffs' present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1(c)(2).

FILED 6-16-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 6-16-00
DEPUTY CLERK

Plaintiffs object to all portions of the R&R. After conducting a *de novo* review of the factual background and the law that applies in this case, the Court has determined that Judge Boylan's analysis is correct. The analysis and recommendation as to dismissal is hereby adopted in full and further discussion is unnecessary. Judge Boylan, however, did not specifically address the request for sanctions outside of recommending denial. Upon review of Defendant's motion and memorandum in support of sanctions, this Court has determined that sanctions are not appropriate.

Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on a party if a party has presented to the Court a pleading that includes claims, defenses, and other legal contentions that are unwarranted under existing law or if the party's arguments to change the law are frivolous. See Fed. R. Civ. P. 11(b)(2) & (c). Sanctions also may be imposed against a party who files a case with an intention to harass another party or cause needless increase in the cost of litigation. See id. at 11(b)(1).

Plaintiffs -- Byron Dale in particular -- have repeatedly and unsuccessfully presented their theories on the monetary system to state courts in South Dakota and North Dakota and in federal court. See Dale v. Janklow, 828 F.2d 481, 482 n.1 (8th Cir. 1987) (noting Dale's use of monetary theory to defend nonpayment of loan); South Dakota v. Dale, 439 N.W.2d 98, 101-02 (S.D. 1989) (affirming trial court ruling that Dale could not use "the trial as his own political forum on the monetary issue"); North Dakota ex. rel Preszler, 435 N.W.2d 693, 694 (N.D. 1989) (dismissing appeal of trial court order dismissing claim against Federal Reserve of Minneapolis alleging violation of United States Code by "refus[ing] to issue legal tender currency"); Northwest S.D. Prod. Credit Ass'n v. Dale, 361 N.W.2d 275, 277 (S.D. 1985) (monetary theory

used to defend a judgment on a loan); Dale v. Pelton, 365 N.W.2d 1, 3 (S.D. 1985) (monetary theory used as argument for claim based on lessor's refusal to accept payment in kind instead of cash).

Plaintiff Dale has sued Defendant only one other time, back in the late 1980s. See Preszler, 435 N.W.2d at 693. Two lawsuits against Defendant within an approximately twelve- to fifteen-year time span does not constitute harassing litigation. While Plaintiffs have been litigious in an effort to espouse their views on the monetary system, Plaintiffs have not targeted Defendant specifically in a harassing or vexatious manner. Thus, Defendant's motion for sanctions is denied.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [Doc. No. 3] is **GRANTED**;
2. Plaintiffs' suit is **DISMISSED WITH PREJUDICE**; and
3. Defendant's motion for sanctions [Doc. No. 15] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.